**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Brenda S.G.,

Plaintiff,

v.

David Easterwood, Field Office Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement; Kristi Noem, in her capacity as Secretary of the U.S. Department of Homeland Security; Todd Lyons, in his official capacity as acting director of U.S. Immigration and Customs Enforcement; and Pam Bondi, Attorney General of the United States,

Respondents.

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**
Civil No. 26-652 ADM/DTS

---

Gloria Contreras Edin, Esq., and Evan Brown, Esq., Contreras Edin Law, PA, Saint Paul, MN, on behalf of Petitioner.

Julie T. Le, Special Assistant United Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Respondents.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Petitioner Brenda S.G.'s ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") [Docket No. 1].[1] For the reasons stated below, the Court grants Petitioner's habeas petition and orders her immediate release.

## II. BACKGROUND

---

[1] Pursuant to this District's policy in immigration cases, the Court identifies Petitioner by only her first name and last initials.

Petitioner is a native and citizen of Mexico who entered the United States in 2004 and has resided in this country since she entered. Pet. ¶¶ 22, 44.

In June 2019, Petitioner submitted a Form I-918 petition for a U-visa. Id. ¶ 47. In February 2024, U.S. Citizenship and Immigration Services ("USCIS") determined that Petitioner's Form I-918 is bona fide and that she warrants a favorable exercise of discretion and may receive employment authorization and deferred action. Id.

Petitioner has no criminal history subjecting her to mandatory detention or providing grounds for revocation of her bona fide determination. Id. ¶¶ 46, 50.

On January 26, 2026, Petitioner arrived at the USCIS office in Minneapolis, Minnesota to attend an interview concerning her U-visa application, but the USCIS office was closed. Id. ¶ 2. Department of Homeland Security ("DHS") agents arrested Petitioner when she was outside the building. Id. The DHS agents seized Petitioner without a warrant. Id. ¶ 48. She is presently detained at Fort Snelling in St. Paul, Minnesota. Id. ¶¶ 15, 22, 49.

Petitioner filed this habeas action challenging her detention under 28 U.S.C. § 2241. She argues that her detention is unlawful and that she is entitled to immediate release or a bond hearing. Id. at 30. The Federal Respondents have submitted a Response [Docket No. 15] in opposition to the Petition, arguing that Petitioner is not eligible for a bond hearing because she is subject to mandatory detention under § 1225(b)(2).

## III. DISCUSSION

This is one of numerous recent habeas cases challenging the application of 8 U.S.C. §1225(b)(2) to noncitizens who are living in the United States after entering without inspection. Petitioner, who has been living in the United States since she entered more than 20 years ago, argues that her detention pending her removal proceedings is unlawful and that she is

entitled to immediate release or, alternatively, a bond hearing under 8 U.S.C. § 1226(a). Pet. ¶ 38.

This Court has recently held that § 1226(a) applies to noncitizens like Petitioner who are already in the country and are detained pending removal proceedings. See Abdul S. v. Shea, No. 26-CV-376 ADM/DTS (D. Minn. Jan. 23, 2025). An overwhelming majority of courts, including the only federal court of appeals to preliminarily consider the issue, have reached the same conclusion. See Castanon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1061-62 (7th Cir. 2025); Barco Mercado v. Francis, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (noting that the government's interpretation of §1225(b)(2) has been rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States"); Andres R.E. v. Bondi, No. 25-CV-3946 NEB/DLM, 2025 WL 3146312, at *1 n.2 (D. Minn. Nov. 4, 2025) (collecting cases); Belsai D.S. v. Bondi, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5-6 (D. Minn. Oct. 1, 2025) (collecting cases).

Respondents raise several arguments for its position that § 1225(b)(2) applies to Petitioner. The Court has considered Respondents' arguments and finds them unpersuasive.

Having determined that § 1226(a) applies, the Court considers whether the proper remedy is a bond hearing or Petitioner's immediate release. Section 1226(a) provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained." 8 U.S.C. §1226(a) (emphasis added). Several judges in this District have concluded that an arrest warrant is a prerequisite to detention under § 1226(a). See e.g., Ahmed M. v. Bondi, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); Juan S.R. v. Bondi, No. 26-CV-5 (PJS/LIB) (D. Minn. Jan. 12, 2026) [Docket No. 8 at 3-4]; Ismael G.H. v. Bondi, No. 26-CV-52 (NEB/DTS) (D. Minn. Jan. 16, 2026) [Docket No. 8 at 4-5].

Petitioner has alleged that her arrest was warrantless. Pet. ¶ 48. Respondents have not provided evidence to the contrary, despite this Court's Order to produce "[s]uch affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition." See Order [Docket No. 10] at 1. Because an arrest warrant is a prerequisite to detention under § 1226(a) and Respondents detained Petitioner without a warrant, the Court will grant the Petition and order her immediate release in Minnesota.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Brenda S.G.'s Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED** as follows:

1. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. §1225(b)(2) and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. §1226.

2. Respondents are **ORDERED** to release Petitioner Brenda S.G. from custody in Minnesota immediately;

3. Respondents are **ORDERED** to immediately return Petitioner's driver's license and any other seized documents or property lawfully issued to her, so as not to impair her liberty upon release;

4. Within five days of the date of this Order, Respondents shall file notice on the docket confirming that release within Minnesota occurred;

5. Respondents are **ENJOINED** from removing, transferring, or facilitating the removal of Petitioner from the District of Minnesota prior to compliance with this Order; and

6. Within 10 days of the date of this Order, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for further litigation.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:

Dated: January 31, 2026

s/Ann D. Montomgery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE